**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 12-4387

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK DANIEL HAINES,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  John Preston Bailey, Chief District Judge.  (3:11-cr-00019-JPB-DJJ-1)

Submitted:  October 19, 2012       Decided:  November 1, 2012

Before DUNCAN, DAVIS, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Nicholas J. Compton, Assistant Federal Public Defender, Kristen M. Leddy, Research and Writing Specialist, Martinsburg, West Virginia, for Appellant.  William J. Ihlenfeld, II, United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mark Daniel Haines appeals his 225-month sentence following a guilty plea to bank robbery, in violation of 18 U.S.C. § 2113(a) (2006). On appeal, Haines argues that: (1) the district court erroneously rejected the parties' first plea agreement; (2) the district court erroneously denied Haines' motion to continue sentencing and reassign the case to another judge; and (3) the district court committed procedural error in calculating Haines' criminal history category and utilizing an extended Guidelines table. Finding no reversible error, we affirm.

We review the rejection of a guilty plea for abuse of discretion. United States v. Midgett, 488 F.3d 288, 297 (4th Cir. 2007). "[A] district court is not obliged to accept a particular plea agreement between the government and an accused, as it always has the authority to either accept or reject any agreement." United States v. Lewis, 633 F.3d 262, 270 (4th Cir. 2011). In the case of a binding agreement under Fed. R. Crim. P. 11(c)(1)(C), a "court may accept the [plea] agreement, reject it, or defer a decision until the court has reviewed the presentence report." Fed. R. Crim. P. 11(c)(3)(A).

On appeal, Haines asserts that the district court abused its discretion in rejecting the first plea agreement because the time lapse between the preparation and review of the

presentence investigation report and the court's decision to reject the plea agreement was "unreasonably long and unfair." We conclude that the district court did not abuse its discretion in rejecting Haines' initial plea agreement. If the court chooses to reject a plea agreement, Fed. R. Crim. P. 11(c)(5) requires that the court, in open court, inform the parties that the plea is being rejected, give the defendant an opportunity to withdraw the plea, and advise the defendant that the case may be disposed of less favorably than anticipated by the plea agreement. Accordingly, although Haines claims that the district court unreasonably delayed in informing the parties of its decision to reject the plea agreement, the sentencing hearing was the court's first opportunity to address the parties in open court, as required by Rule 11(c)(5) when rejecting a plea agreement. The court fulfilled the requirements of Rule 11(c)(5), and allowed Haines to withdraw his plea.

A district court's denial of a motion for continuance is reviewed for an abuse of discretion. Midgett, 488 F.3d at 297. "[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to assistance of counsel." Morris v. Slappy, 461 U.S. 1, 11-12 (1983). We conclude that the district court did not abuse its discretion in denying

Haines' motion to continue sentencing and reassign the case to another district court judge, as the case had been then pending for more than one year and the court's prior involvement with the case was significant.

We review a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 47, 51 (2007). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the Guidelines range, treated the Guidelines as advisory, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Id. at 51. Haines preserved his claim of error "by drawing arguments from § 3553 for a sentence different than the one ultimately imposed." United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010). Therefore, any error must lead to reversal, "unless we conclude that the error was harmless." Id. at 581.

We conclude that the district court did not procedurally err in imposing a within-Guidelines sentence of 225 months' imprisonment. Haines maintains that the district court failed to resolve all of his objections to his criminal history and impermissibly extrapolated the Guidelines in rejecting the parties' initial plea agreement. Although the court emphasized Haines' significant criminal history in rejecting the first plea

4

agreement, indicating that Haines' criminal history score would yield a category XVI criminal history by extrapolating the Guidelines, the court did not upwardly depart from the advisory Guidelines range in imposing Haines' ultimate sentence. Moreover, Haines does not dispute the court's conclusion that resolution of his objections would not alter his criminal history category of VI. Our careful review of the record thus persuades us that the court properly calculated the advisory Guidelines range, and imposed a within-Guidelines sentence of 225 months' imprisonment. Accordingly, the sentence was not procedurally unreasonable.

We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5